■ EVELYN DYER, Respondent, v WE'RE ASSOCIATES, INC., et al., Appellants, and CITICORP CREDIT SERVICES, INC., et al., Respondents, et al., Defendants. [734 NYS2d 177] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered April 13, 2001, which, in an action for personal injuries sustained by plaintiff at her place of employment, insofar as appealed from as limited by the briefs, granted defendant premises occupant's motion for summary judgment, and denied motions by defendants building owner and managing agent and electrical contractor for summary judgment, unanimously modified, on the law, to dismiss the complaint as against the building owner and managing agent, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them. Appeal from order, same court and Justice, entered on or about January 23, 2001, directing the parties to settle an order, unanimously dismissed, without costs.

Plaintiff alleges that she fell over a stack of carpet tiles that were removed from the floor in order to install electrical and telephone wiring for new computer terminals. While the lease gave the building owner a right of reentry for the purpose of "maintaining pipes, ducts and conduits in and through the

demised premises provided the same are installed and concealed behind the walls, floors or ceilings of the demised premises," and also obligated the building owner to maintain "electrical facilities," there is no evidence, and indeed no claim, that plaintiff's accident was caused by any failure to maintain electrical facilities or conduits concealed under the floor. Nor is there any evidence that the building owner or managing agent had any controlling or supervisory role in the installation of the new computer terminals, or indeed any knowledge of that project. Accordingly, the action was properly dismissed as against them (*see, Lane v Fisher Park Lane Co.*, 276 AD2d 136, 141). In view of the foregoing, the building owner's and managing agent's claim that they are entitled to indemnification against the premises occupant and the latter's purported sublessor is academic. Concerning the denial of the electrical contractor's motion for summary judgment, the inability of its officer to recollect whether it had done any work in connection with the installation of the computer terminals leaves the question of its involvement in that project unresolved. Concerning the granting of the premises occupant's motion for summary judgment, while it is undisputed that plaintiff's pay and employee benefits were the responsibility of a temporary employment agency, her work hours and day-to-day activities were entirely controlled by the premises occupant, and, accordingly, the latter was correctly found to be plaintiff's special employer (*see, id.*, at 139-140). We have considered appellants' other contentions and find them unavailing. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.